UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
LEON PHELPS, JR.,

                Plaintiff,                      MEMORANDUM & ORDER

   -against-                                   04-CV-773 (ERK) (RER)

RICHARD A. SZUBINSKI, et al.,

                Defendants.
--------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      This is an action under 42 U.S.C. § 1983 for the alleged violation of plaintiff's rights, *inter alia*, to be free from the use of excessive force and unlawful arrest. Before the Court is plaintiff's motion for an extension of discovery to permit him obtain the reports of an expert orthopedist and an expert economist. *See* Docket Entry 36. For the reasons which follow, as well as those stated in defendants' letter in opposition to plaintiff's motion, *see* Docket Entry 37, plaintiff's motion is denied.

      Plaintiff's counsel argues that the "need for these experts" was "recently revealed" at the deposition of Dr. Alan Leff, plaintiff's treating physician/expert witness on pain management. *See* Docket Entry 36, at 2. According to counsel, plaintiff needs to retain these additional experts because, "*contrary to [plaintiff's counsel's] earlier belief*, merely having an expert in pain management testify in this action will not be sufficient to communicate to a jury the full extent of Mr. Phelps's injuries and damages." Docket Entry 38, at 1 (emphasis added); *see also* Docket Entry 36, at 1 (stating that Dr. Leff "was unable to answer several questions directed to him by the attorney for the defendants because his specialty is not orthopedics . . . [; and] also testified that it is his opinion that [plaintiff] is no longer capable of working in any capacity as a result of

his injuries."). Defendants oppose plaintiff's motion, arguing that plaintiff's counsel has known of the "need" for an orthopedic expert for well over one year. Defendants also argue that plaintiff's has previously indicated that there is no claim for lost wages in this action, and therefore there is no "need" for an expert economist.

Plaintiff's argument that he only recently became aware of the need for an expert orthopedist is bizarre, if not completely disingenuous. Over the long and tortured history of this case, discovery was extended many times by Magistrate Judge Matsumoto at plaintiff's request because of his ongoing treatment by various orthopedic surgeons, purportedly to address the injuries he sustained at the hands of defendants. *See, e.g.,* Docket Entries dated 4/26/05, 5/11/05, 6/22/05, 9/9/05, 3/3/06. Indeed, on May 11, 2005, Judge Matsumoto highlighted the need for plaintiff to obtain an orthopedic expert:

> The plaintiff reported that further hip surgery is likely but the future course of treatment and prognosis are uncertain. . . . Plaintiff shall report to defendant by 5/20/05 regarding [t]he outcome of plaintiff's scan and the prospect of future surgery, *as well as plaintiff's theory of causation regarding the plaintiff's hip*.

Docket Entry dated 5/11/05 (emphasis added). Plaintiff's counsel acknowledged the need to retain an expert orthopedist over one year ago, when he requested that a settlement conference before Judge Matsumoto be adjourned due to plaintiff's ongoing orthopedic treatment:

> I am writing to request an adjournment of the date for that [settlement] conference. The setting of a date for the conference was based upon my expectation that plaintiff would have had an evaluation of his injuries and present physical condition several weeks prior to the conference. As a matter of fact, Mr. Phelps did have an examination and consultation with an orthopedic surgeon, Elton Strauss, M.D., in late September. Dr. Strauss, however, informed Mr. Phelps and Mr. Phelps's referring physician, Alan Leff, M.D., that he did not believe himself capable of operating on Mr. Phelps due to the severity of his present physical condition. Consequently, Mr. Phelps has now been referred for evaluation and surgery to Matias Bostrom, M.D., of the Hospital for Special

> Surgery. Mr. Phelps's appointment with Dr. Bostrom is set for October 28, 2005, the day after the one schedule for our conference.
>
> *   *   *
>
> I am proposing that a settlement conference in this action be postponed until Mr. Phelps has been evaluated by Dr. Bostrom and, if such is performed, after he has had surgery. *I believe that any attempts to settle the action prior to surgery would be leaving a very important consideration out of the case and would thus be premature.*

Docket Entry 20, at 1.[1] The issue of plaintiff's orthopedic condition was also raised before me, and I extended the discovery schedule to permit plaintiff to produce expert reports on causation, and ordered him to do so by 8/18/06. *See* Docket Entry dated 5/22/06. Thus, plaintiff and his counsel have known for quite some time that they needed to produce expert reports on causation, especially from an orthopedist, and they have been given many opportunities to do so. Their failure to do so to this point in time can only be attributable to them, and is not the fault of anyone else. Under no stretch of the imagination can it be said that plaintiff or his counsel have been caught by surprise by the need to produce the report of an expert orthopedist. Thus, plaintiff's eleventh-hour request to extend the discovery schedule yet again is denied.

For the same reasons, plaintiff's request to extend the discovery schedule to permit him to produce the report of an expert economist is denied. Plaintiff knew, or at the very least should have known, for nearly one year that he is unable to work because of the injuries he purportedly sustained at the hands of defendants. I find equally unconvincing plaintiff's counsel's argument that he only recently became aware of this fact while interviewing Dr. Leff in preparation for his deposition. See Docket Entry 36, at 1. Plaintiff's counsel has been in frequent contact with Dr.

---

[1] *See also* Docket Entry 23 (plaintiff's counsel's request to extend date for submission of joint pretrial order due to plaintiff's hip surgery and possible future back surgery, which Dr. Leff attributed to the injuries plaintiff sustained at hands of defendants).

Leff for nearly two years, and plaintiff's hip surgery was conducted in January 2006. It is beyond belief that counsel did not know until October 26, 2006, that plaintiff could no longer work because of his purported injuries. In any event, plaintiff's request comes too late, especially in light of the fact that there have been five conferences with the Court, *see* Docket Entries dated 3/3/06, 5/22/06, 7/17/06, 9/1/06, and 10/23/06, and five written submissions from plaintiff, *see* Docket Entries dated 2/3/06, 4/11/06, 4/13/06, 8/30/06, and 10/5/06, since his latest hip surgery, and plaintiff's counsel has known all along that plaintiff's physical condition has been worsening, but never once raised this issue before now.

Further, while discovery is not set to close in this matter until 12/29/06, I find that permitting plaintiff to retain an expert orthopedist and economist at this late stage would be prejudicial. The extension plaintiff requests would necessitate a further extension of at least an equal amount of time to permit defendants to retain rebuttal experts. Such an extension would delay the ultimate resolution of this case for many months to come. It cannot be ignored that this case has been pending against a number of police officers in their individual capacities for over two years, and these officers are entitled to a more prompt resolution of the claims against them. This case has been pending for far too long, and there needs to a firmly established end in sight. That end should be as already established – the discovery cutoff of December 29, 2006.

Finally, defendants' request to conduct the depositions of plaintiff's treating physicians and his fiancee is granted in part and denied in part. The depositions must take place before December 29, 2006 on dates that are mutually agreeable by the parties and the witnesses.[2]

---

[2] I remind the parties that on September 18, 2006, I extended the date for the completion of all discovery until December 29, 2006, and admonished the parties that "NO FURTHER EXTENSIONS WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES

Further, the Court finds it unnecessary to "so order" subpoenas for these depositions. Rule 45(a)(3) of the Federal Rules of Civil Procedure clearly provides that "[a]n attorney as officer of the court may also issue and sign a subpoena on behalf of (A) a court in which the attorney is authorized to practice." If the subpoenaed witnesses refuse to appear absent a subpoena signed by the Court, counsel is directed to bring a copy of this order to the Clerk of the Court and obtain the necessary subpoenas. *See* Rule 45(a)(3) ("The clerk shall issue a subpoena, signed but otherwise blank, to a party requesting it, who shall complete it before service.").

<u>Conclusion</u>

Accordingly, plaintiff's motion is denied..

Dated: Brooklyn, New York
November 21, 2006

                                                      /s/
                                      RAMON E. REYES, JR.
                                      United States Magistrate Judge

---

BEYOND THE PARTIES' CONTROL." Neither party has established extraordinary circumstances for extending the discovery period any further, let alone circumstances that are beyond their control. Enough is enough, and discovery in this case will end on December 29,2 006, and not a day later.